Benjamin D. Van Horn (SBN 332198)
  bvanhorn@ssmklaw.com
Adam J. Sinton (admitted *pro hac vice*)
  asinton@ssmklaw.com
Joseph J. Minock (admitted *pro hac vice*)
  jminock@ssmklaw.com
SINTON SCOTT MINOCK & KEREW
1550 Market Street, Suite 400
Denver, CO 80202
Telephone: (702) 738-9894

Shane M. Biornstad - Bar No. 250202
  SBiornstad@shulmanbastian.com
SHULMAN BASTIAN FRIEDMAN BUI &
O'DEA LLP
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000

Attorneys for Plaintiff HEALTH CARE
SERVICE CORPORATION, a Mutual Legal
Reserve Company, Doing Business in
Oklahoma as BLUE CROSS BLUE SHIELD
OF OKLAHOMA

Nithin Kumar (SBN 300607)
  nithin@kingfisherlawapc.com
KINGFISHER LAW APC
P.O. Box 492415
Los Angeles, CA 90049-9998
Telephone: (408) 930-3580

Attorneys for Defendant ELMO DETOX LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Company, Doing Business in Oklahoma as BLUE CROSS BLUE SHIELD OF OKLAHOMA,<br><br>          Plaintiff,<br><br>     vs.<br><br>ELMO DETOX LLC,<br><br>          Defendant. | CASE NO. 2:25-cv-09446-SSC<br><br>**[PROPOSED] STIPULATED QUALIFIED PROTECTIVE ORDER** |

1

## STIPULATED QUALIFIED PROTECTIVE ORDER

Plaintiff Health Care Service Corp. d/b/a Blue Cross Blue Shield of Oklahoma and Defendant Elmo Detox LLC (collectively, the "Parties"), by and through their counsel of record, hereby stipulate and agree to this Stipulated Qualified Protective Order pursuant to the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-91 ("HIPAA") as follows:

## RECITALS

WHEREAS, Plaintiff Health Care Service Corporation, a Mutual Legal Reserve Company doing business in Oklahoma as Blue Cross Blue Shield of Oklahoma ("HCSC") commenced the above-captioned litigation against Defendant Elmo Detox LLC ("Elmo") on or about October 3, 2025;

WHEREAS, the Parties may produce or otherwise disclose documents which may contain "Confidential Information" or "Confidential Health Information," as defined below;

WHEREAS, the Parties represent that such Private or Confidential Information does not involve a public official and does not concern public health or safety;

WHEREAS, this Order is intended to satisfy and conform with the application or the potential application of HIPAA, the privacy regulations promulgated thereunder, 45 C.F.R. Parts 160, 162, and 164 (the "Privacy Regulations"), and with any other applicable state laws and regulations that provide greater privacy protection than HIPAA or the Privacy Regulations with regard to certain health information that may be produced and used or disclosed in discovery and to the extent that it shall fail to do so the Parties intend the terms herein to be deemed to so conform and satisfy.

NOW THEREFORE, in consideration of the Recitals set forth above and for good cause shown, which Recitals are incorporated herein by reference, the Parties hereby agree to entry of this Stipulated Qualified Protective Order.

2

STIPULATED QUALIFIED PROTECTIVE ORDER

## 1. Scope of Protection

This Order shall govern any record of information, documents, things and information produced or furnished by a party during the course of this action until the time of trial and designated pursuant to this Protective Order. It shall also govern any legally privileged information inadvertently produced by either Party.

This Order shall apply to the Parties and likewise to any nonparty from whom discovery may be sought, who desires the protection of this Order.

## 2. Definitions

The term "Confidential Information" shall mean confidential or proprietary technical, scientific, financial, business, medical, or health information designated as "CONFIDENTIAL" by the producing party. The term "Confidential Health Information" shall include a subset of Confidential Information and shall be designated "PRIVATE" and subject to all other terms and conditions governing the treatment of Confidential Information.

Confidential Health Information may include information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. Confidential Health Information may include, but is not limited to, medical bills, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices and requests that contain Confidential Health Information, claim data, claim forms, grievances, appeals, or other documents or records that contain patient health information required to be kept confidential under and state or federal law, including 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* 45 C.F.R. §§ 164.501 & 160.103).

STIPULATED QUALIFIED PROTECTIVE ORDER

### 3. Designation of Information

Documents or things produced or disclosed during the course of this action shall be designated as containing Confidential Information by placing on each page, each document, or each thing (whether in paper or electronic form) a legend substantially as follows: CONFIDENTIAL. Documents or things produced or disclosed during the course of this action shall be designated as containing Confidential Health Information by placing on each page, each document, or each thing (whether in paper or electronic form) a legend substantially as follows: PRIVATE.

The parties will use reasonable care to avoid designating any documents or information as containing Confidential Information or Confidential Health Information that is not entitled to such designation or which is generally available to the public. The parties shall only designate that part of a document or thing that is Confidential Information or Confidential Health Information, rather than in its entirety.

### 4. Disclosure & Use

Information that has been designated as Confidential or Confidential Health Information may be disclosed by the receiving party to Qualified Recipients (as defined below), who shall hold such information in confidence, shall use such information only for purposes of this action, and shall not use it for any business or other commercial purpose, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated as Confidential or Confidential Health Information shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another party's Confidential Information, the papers shall be appropriately designated and shall be treated accordingly.

STIPULATED QUALIFIED PROTECTIVE ORDER

All documents, including attorney notes and abstracts, which contain another party's Confidential Information, shall be handled as if they were designated pursuant to paragraph 3. Documents, papers and transcripts filed with the court that contain any other party's Confidential Information shall be filed under seal in accordance with Local Civil Rule 79-5.

### 5. Qualified Recipients

For purposes of this Order, the term Qualified Recipients shall mean:

a. Outside counsel of record for any party in this action and relevant in-house counsel for the parties, as well as employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

b. Secretarial, paralegal, and clerical personnel of the foregoing;

c. The Court and its supporting personnel; and

d. The Parties.

### 6. Nonparties

Any nonparty who produces documents or other information in this litigation shall be entitled to the benefits and protections of this Order and shall be entitled to seek additional protections from the Court. The parties agree they will treat Confidential Information produced by nonparties according to the terms of this Order. Nonparties may challenge the designation of Confidential Information by filing a motion to intervene and a motion to de-designate the same.

### 7. Other Individuals

Confidential Information shall only be used by the individuals permitted to access same under paragraphs 5 and 6 of this Order. Confidential Information, including copies thereof, and the information contained therein shall not be disclosed in any manner to any other individual, unless and until: (i) outside counsel for the party asserting confidentiality waives the claim of confidentiality; or (ii) the Court orders such disclosure.

## 8.  Inadvertent Failure to Designate

In the event a producing party inadvertently fails to designate certain information pursuant to paragraph 3, it may later make such designation by notifying the receiving party in writing. The receiving party shall take reasonable steps to see that the subject information is thereafter treated in accordance with the designation. It shall be understood, however, that no person or party shall incur liability hereunder with respect to any disclosure that occurred prior to receipt of written notice of a belated designation.

## 9.  Inadvertent Disclosure

To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Information that should have been but was not designated as such at the time it was disclosed shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying counsel for all parties to whom the material was disclosed, in writing and within a reasonable time after disclosure that the material should have been designated Confidential Information. Such notice shall constitute a valid designation of the information, document or thing as Confidential Information under this Order, provided, however, Confidential Health Information shall be treated in accordance with this Order without regard to any designation or claim of protection at the time of production.

In the event of an inadvertent or unintentional disclosure of another party's Confidential Information to a non-Qualified Recipient, the party making the inadvertent disclosure, to the extent consistent with applicable law, shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains Confidential Information subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the

6

Confidential Information by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

If information subject to a claim of Attorney-Client Privilege, Attorney Work Product or any other legal privilege protecting information from discovery is inadvertently disclosed or produced by either party, such disclosure or production shall in no way prejudice or otherwise constitute a waiver of or estoppel as to any type of privilege, work product or other ground for withholding production to which the producing party or the other person otherwise would be entitled. If a claim of inadvertent disclosure is made pursuant to this paragraph with respect to information then in the custody of another party, such party promptly shall return to the claiming party or person that material and all copies or reproductions thereof as to which the claim of inadvertent production has been made, shall destroy all notes or other work product reflecting the contents of such material, and shall delete such material from any litigation support or other database. The party returning such material may then move before a Judge for an order compelling production of the material, but such motion shall not rely upon in any manner or assert as a ground for entering such an order the fact or circumstances of the inadvertent disclosure or production.

### 10. Challenge to Designation

At any time after the delivery of Confidential Information and consistent with the Court's Scheduling Order, counsel for the party receiving the Confidential Information may challenge the designation of all or any portion thereof by providing a written objection to such designation to counsel for the party disclosing or producing the Confidential Information, which shall describe with particularity the documents or information in question and shall state the

grounds for objection. All such designation challenges must proceed in full compliance with Local Rule 37.

The party producing the Confidential Information shall have the burden of establishing that the disputed Confidential Information is entitled to confidential treatment.

### 11. Use of Confidential Information in Filed Documents

In the event a party intends to use any materials designated as Confidential Information, in any documents filed with the Court or included in, referred to, or attached to any paper filed with the Court, the party shall comply with Local Rule 79-5.

### 12. Public Domain

No information that is in the public domain or that is already known by the receiving party through proper means, or that is or becomes available to a party from a source other than the party asserting confidentiality that is rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be confidential under this Order.

### 13. Conclusion of Action

At the conclusion of this action, each party or other person subject to the terms of this Order shall be under an obligation to assemble and to return to the producing party all originals and unmarked copies of documents and things designated by that party as containing Confidential Information and to destroy, should such party so request, all materials and documents containing Confidential Information and to certify to the producing party such destruction or return. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order. Further, each party or other individual subject to the terms hereof shall be under an obligation to destroy, should the producing party so request, all copies of such documents and things that contain and/or constitute attorney work product as well as excerpts, summaries and digest revealing such Confidential Information.

8

The provisions of this paragraph are not intended to be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, any insurance company, or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

## 14. Jurisdiction to Enforce this Order

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

## 15. Modification

This Order is without prejudice to the right of any person or entity to seek modification of this Order at any time, either by stipulation or Order of this Court.

## 16. Confidentiality of Party's Own Documents

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

## 17. Compulsory Disclosure

If, at any time, any person other than the party who originally produced Confidential Information ("Receiving Person") is subpoenaed in another action or proceeding, served with a document or testimony demand or a court order, or other compulsory process by any court, administrative agency, legislative body, or other person or entity commanding production of such materials, and such subpoena or demand or court order seeks Confidential Information, including

9

Confidential Health Information, from a party that produced confidential information in this litigation ("Producing Person"), then the Receiving Person shall first, except where prohibited by law, provide immediate written notice to counsel for the Producing Person and allow the Producing Person an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. Second, the Receiving Person shall promptly notify in writing the entity or person who caused the subpoena, demand, or order to issue that some or all of the material covered by the subpoena, demand, or order is subject to this Order. Such notification shall include a copy of this Order. The Producing Party then shall have the burden of seeking protection of its confidential material in the appropriate forum. The Receiving Person shall cooperate with respect to all reasonable procedures sought to be pursued by the Producing Person whose protected material may be affected and shall not take any position concerning the propriety of such subpoena or request, or the discoverability of the information sought thereby. Unless otherwise ordered by the Court or required by a government subpoena, the Receiving Party shall comply with the request only if the Producing Person does not timely seek, or is unsuccessful in seeking, an order modifying or quashing the request. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

\ \ \ \

\ \ \ \

\ \ \ \

\ \ \ \

\ \ \ \

\ \ \ \

10

STIPULATED QUALIFIED PROTECTIVE ORDER

## 18. Binding Effect

This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control to the extent permissible by law.

**SO STIPULATED.**

DATED: June 2, 2026          SINTON SCOTT MINOCK & KEREW

By: _____ */s/ Joseph J. Minock*
          Joseph J. Minock
          Attorneys for Plaintiff HEALTH CARE
          SERVICE CORPORATION, a Mutual
          Legal Reserve Company, Doing
          Business in Oklahoma as BLUE CROSS
          BLUE SHIELD OF OKLAHOMA

DATED: June 2, 2026          KINGFISHER LAW APC

By: _____ */s/ Nithin Kumar*
          Nithin Kumar
          Attorneys for Defendant ELMO
          DETOX LLC

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: June 3, 2026.

_____
Hon. Stephanie S. Christensen
United States Magistrate Judge

11